STATE ex Rel. GASPAR, Relator, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 8,313.)

(Submitted April 9, 1942. Decided April 29, 1942.)

[124 Pac. (2d) 1010.]

*Mr. Hugh Adair,* for Relator, submitted an original and a reply brief, and argued the cause orally.

*Messrs. Gunn, Rasch & Gunn,* and *Mr. C. A. Linn,* for Respondents, submitted a brief; *Mr. M. S. Gunn* and *Mr. Linn* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is a proceeding to set aside certain orders made by the respondent court in the matter of the estate of William Gaspar, deceased. The important allegations of the petition are that relator is a brother of William Gaspar, deceased; that William Gaspar died leaving an estate consisting of cash and livestock alleged to be worth in excess of $100,000; that the surviving

heirs of William Gaspar are his brother, the relator, residing in Meagher county, and another brother and a sister residing in Rumania; that relator was appointed administrator of the estate of William Gaspar on November 2, 1940, and thereafter qualified as such by furnishing a bond in the sum of $50,000; that on the 29th day of November, 1940, the surety on his bond filed an application to be released from all responsibility for future acts of the administrator; that thereupon the court, on the 29th day of November, 1940, entered an order releasing the surety from the bond and approving another bond furnished by the relator; that thereafter, and on the 21st day of November, 1941, the new surety filed a petition requesting the court to issue a citation to the relator as administrator to appear before the court to give other security and to render an account and report of the administration of the estate. The court thereupon issued an order for a citation reading: "It is ordered that a citation issue to said Administrator, directing him to appear before this Court on the 19th day of December, 1941, at 10 o'clock A. M. of said day, to give other security." The material parts of the citation read: "You are hereby cited to appear on the 19th day of December, 1941, at ten o'clock A. M. of said day, before the above named Court, to show cause, if any you have, why the National Surety Corporation, the surety on your bond in the above named estate, should not be released from further liability on said bond, in accordance with the prayer of its petition herein filed on the 21st day of November, 1941, a copy of said petition being attached hereto."

On the 19th day of December the district court entered an order releasing the surety and revoking the letters issued to relator and appointing P. A. McIntosh as administrator.

It is alleged that McIntosh had never filed any petition for letters and that no time was fixed for a hearing on any application for his appointment. Other facts are alleged which tend to show that McIntosh attempted to qualify as general administrator and attempted to carry out the duties as such,

one of which was to procure an order for the sale of all the cattle, and another authorizing the transfer of a cattle brand to Gertrude McStravick, but further reference to these allegations need not here be made.

The respondents in answer to the order to show cause appeared and filed affidavits which purport to set out the reasons which actuated the court in removing relator as administrator and for appointing McIntosh in his stead. We need not here set out the statements contained in those affidavits.

The court's order of December 19th recites:

"National Surety Corporation, a corporation, having filed its petition herein, requesting that it be released from all future liability as surety on the bond of Tony Gaspar, on account of his future acts as Administrator of the Estate of William Gaspar, deceased, and a citation having been issued to the said Tony Gaspar, requiring him to appear and give other security, and the said Tony Gaspar having appeared this day and failed and neglected to furnish such other security, and the said Tony Gaspar showed no cause why said petition should not be granted; and it further appearing to the court that the allegations contained in said petition are true and that there have been grave irregularities upon the part of said Administrator in the administration of said Estate; and it appearing to the court that said Estate is of considerable value and no other surety has been furnished by said Administrator and that, upon release of said surety, and the cancellation of said bond, there will be no bonded Administrator of said Estate; and it further appearing to the court that said Administrator wilfully neglected and refused to try to obtain other security, or to consult counsel in said matter, or to file an account herein when requested by the court;

"Now, therefore, it is ordered, adjudged and decreed that the National Surety Corporation, a corporation, be and is hereby released from all liability on account of the future acts of said Administrator Tony Gaspar.

"It is further ordered, adjudged and decreed, upon motion

of the court, that Letters of Administration, heretofore issued to Tony Gaspar in said Estate, be and the same are hereby revoked, and

"It is further ordered that the said Tony Gaspar file in this court, on or before January 23rd, 1942, a fully complete and true administration account of all his acts as such Administrator, done or transpired on or before the 19th day of December, 1941; and

"It is further ordered, adjudged and decreed that P. A. McIntosh, be, and he is hereby appointed Administrator of said Estate, and that Letters of Administration issue to the said P. A. McIntosh, upon his taking the oath and giving a bond in the sum of Fifty Thousand and no/100ths ($50,000.00) Dollars, which surety is to be approved by this court.

"Dated this 19th day of December, 1941."

It is sufficient to say that this order of the court recites sufficient facts to warrant the removal of relator as administrator pursuant to section 10105, Revised Codes. That section provides: ''If the executor or administrator neglects or refuses to give new sureties, to the satisfaction of the judge, on the return of the citation, or within such reasonable time as the judge shall allow, unless the surety making the application shall consent to a longer extension of time, the court or judge must revoke his letters."

Ordinarily, under section 10105, the court should, upon request, grant additional time within which the administrator might furnish new sureties. But where, as stated in the order, the administrator wilfully neglected and refused to try to obtain other security, it would have been idle and useless to grant additional time. At any rate, under the circumstances recited in the court's order, we cannot say that the court abused its discretion in revoking the letters granted to relator, if that question is properly before us. Certainly the court had jurisdiction to make the order under the circumstances, and if error was committed, it was error within jurisdiction reviewable on an appeal (sec. 9731, Rev. Codes).

Relator contends that the citation did not advise him of the necessity of procuring new sureties. This contention cannot be sustained. The citation recited that a copy of the petition of the National Surety Corporation was attached to the citation, and also directed attention to the fact that the relief demanded by the surety company was "in accordance with the prayer of its petition." The prayer of its petition was in part as follows: "Wherefore, your petitioner prays the court to issue a citation to the Administrator to appear before said court to give other security." The citation, while not as clear as it might have been, was sufficient when considered in connection with the law on the subject, (secs. 10103 to 10105, Rev. Codes), to put relator on notice that he was obliged to give other security so as to give the court jurisdiction to revoke his letters upon failure to do so.

We then come to the question whether McIntosh was properly appointed administrator. Ordinarily a new administrator could not be appointed without a petition and notice of hearing all as required by statute, (sec. 10076, Rev. Codes). In the answer made before this court it was sought to show, in substance, that relator in his conversations with the judge and others had consented to the appointment of McIntosh as administrator. There are authorities supporting the view that extrinsic evidence may be resorted to to show that a court record was entered by consent. (20 American Jur., Evidence, sec. 1175.) That rule cannot apply here because relator, after his removal, had no authority to speak for the other heirs or other interested parties on any matter connected with the estate.

If a general administrator may ever be appointed without taking the statutory steps, it certainly may not be done when all interested parties have not consented thereto.

It is argued by respondents that the court had the right to appoint a special administrator without notice, (sec. 10108, Rev. Codes), and hence that the appointment of McIntosh may be sustained as that of a special administrator. If this were so—and this we do not pass upon—it would not aid

the position of respondents. A special administrator would have no authority to sell all the property of the estate, as was attempted here.

Respondents, in reliance upon the cases of *Ex parte Don Ascanio Colonna,* 62 S. Ct. 373, and *Rothbarth* v. *Herzfeld,* 179 App. Div. 865, 167 N. Y. Supp. 199; Id., 223 N. Y. 578, 119 N. E. 1075, contend that since relator is an alien, a citizen of Rumania, he may not prosecute an action in the courts of this country and that this proceeding should be dismissed. The rule contended for does not apply to an alien enemy residing in this country. (27 R. C. L. 935; note L. R. A. 1918B, 189.)

The writ will issue, setting aside the order which purports to appoint McIntosh as general administrator, and setting aside the order of sale of the cattle and the brand.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON and ANDERSON concur.

MR. JUSTICE MORRIS, concurring specially:

I agree with the majority, but think McIntosh should be either recognized and held accountable as a special administrator, or the district court directed to appoint a special administrator as provided by section 10107, Revised Codes, for the purposes therein enumerated. If one course or the other is not pursued, no one is left in charge of the property and accountable for its preservation.

Rehearing denied May 7, 1942.