STATE EX REL. GASPAR, RELATOR, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 8353.)

(Submitted September 15, 1942. Decided February 5, 1943.)

[133 Pac. (2d) 767.]

Mr. *Ralph J. Anderson,* for Relator.

Messrs. *Gunn, Rasch & Gunn,* and Mr. *H. Leonard DeKalb,* for Respondents.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an original proceeding wherein the relator complains of the action of the district court in denying certain motions in a proceeding in probate, the controversy being over the revocation of letters of administration held by the relator and over the appointment of attorneys to represent nonresident heirs. The relator seeks relief here by writ of supervisory control or other appropriate writ.

The present proceeding arose in the probate of the estate of William Gaspar, deceased, in connection with which there have been two other proceedings before this court (*State ex rel. Gaspar* v. *District Court,* 113 Mont. 318, 124 Pac. (2d) 1010; and *State ex rel. Gaspar* v. *District Court,* Id. p. 616 in which an application for a writ of supervisory control was denied on May 20, 1942).

The Honorable W. C. Husband, district judge for Meagher

county, presided in the probate proceedings at the time of Tony (Teador) Gaspar's appointment as administrator and until after the revocation of his letters of administration. Thereafter, and after the first proceeding in this court, petitions for letters of administration being then filed to fill the vacancy, Judge Husband, by affidavit filed by Tony Gaspar, was disqualified from sitting in hearing on such petitions, and the Honorable Benjamin E. Berg, another district judge, was called in to sit in that matter. Shortly thereafter Judge Berg was likewise disqualified at the behest of Tony Gaspar, and the Honorable Stewart McConochie, another district judge, was called in.

The deceased, William Gaspar, whose estate is in probate, was a bachelor and his heirs surviving are two brothers and a sister. The one brother, the relator, Tony Gaspar, is a resident of Meagher county. He was the administrator of the estate first appointed. His letters were revoked for failure to furnish new security when the surety withdrew from his bond. The other brother and the sister both live in Roumania and are citizens of that country and subjects of the government thereof. Neither of them has ever been in the United States, and neither of them has employed counsel or other representation in the probate proceedings.

The estate consists of personal property running in value to considerably over $200,000, much of it money in banks. There was controversy over the letters of administration and over settlement of accounts.

Judge Berg, while presiding in the case, on May 4, 1941, appointed C. A. Linn, an attorney in practice at White Sulphur Springs, the county seat of Meagher county, to represent the two foreign non-resident heirs. Shortly after his appointment, on June 12th, Mr. Linn died. After his death, Judge McConochie, then presiding, appointed M. S. Gunn, an attorney resident and in practice at Helena, to represent the foreign non-resident heirs. Thereafter, and more recently, because of the interposition of the Alien Property Custodian in relation to the

interests of the foreign heirs as enemy aliens, Mr. Gunn withdrew as the representative of those heirs under the court appointment.

The specific relief sought is the annulment of certain orders ▪ made by the district judge, as follows:

1. The order revoking letters of administration held by relator.

2. The order appointing C. A. Linn to represent non-resident foreign heirs.

3. The order appointing M. S. Gunn to represent non-resident foreign heirs.

4. An order of Judge McConochie expunging from the record certain allegations and statements in the form of an affidavit filed by relator, as being scurrilous and defamatory of opposing counsel and judges sitting in the case in the lower court. The affidavit was in relation to the revocation of the letters of administration of the relator, the proceeding then pending for the appointment of an administrator, and the orders appointing attorneys to represent the non-resident heirs. Before Judge McConochie, relator had sought the revocation of all these orders.

By stipulation of counsel, after the proceeding here commenced, the attack on the order revoking the letters of administration has been eliminated, the contending parties having agreed upon the selection of an administrator, and the person so selected having been duly appointed and qualified.

As to the two orders appointing attorneys to represent the non-resident heirs, because of what has transpired in connection therewith there is nothing upon which this court can now act. As to the order appointing Linn, his death terminated the appointment. All the court could do in granting relief in this proceeding, if Linn were alive and acting, would be to revoke his appointment and sever his connection with the non-resident heirs under the appointment. His death has already brought that about. Likewise, as to the order appointing Mr. Gunn, his withdrawal has terminated that appointment. He is no longer

220

acting under the order in question. There is nothing for the court now in this proceeding to act upon in respect thereto. In proceedings invoking the supervisory powers of this court, only such orders and acts of the lower court as are presently in force can be dealt with.

As to the order expunging objectionable matter from the record in the court below, all matters to which it related have been disposed of; there could be no purpose in restoring it to the record, assuming that there was error in its exclusion in the first instance. Therefore there is no occasion now for any expression from us thereon.

Nothing remaining before us for adjudication, the proceeding is dismissed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON and MORRIS concur.